**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

EXHIBIT 1

| | |
|---|---|
| AMY WISCO,<br><br>Plaintiff<br><br>v.<br><br>UNUM LIFE INS. CO. OF AMERICA<br><br>Defendant | Case No.: $:15-CV-00384-REL-HCA<br><br>FIRST AMENDED COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN |

COMES NOW, the plaintiff, Amy Wisco, by and through her attorneys, and for her cause of action states as follows

**JURISDICTION AND VENUE**

1. Plaintiff, Amy Wisco is, and at all times material hereto was, a resident of Des Moines, Polk County, Iowa.

2. Defendant UNUM Life Insurance Company of America (hereinafter Defendant UNUM) is an insurance company, incorporated in the State of Maine, with its principal place of business in Chattanooga, Tennessee.

3. Defendant UNUM advertises, sell, and otherwise participates in business in the State of Iowa.

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, because complete diversity exists between the parties.

5. The amount in controversy exceeds $75,000.00.

6. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the Plaintiff's claims occurred in the Southern District of Iowa and is where the Plaintiff resides.

**FACTUAL ALLEGATIONS**

1. Plaintiff Amy Wisco was hired by La Mair Mulock Condon Company on March 16, 2002.

2. On the date of her hire, plaintiff became eligible for Long Term Disability Benefits under a plan provided by defendant UNUM.

3. During the course of a pregnancy, plaintiff was diagnosed with a deep vein thrombosis (DVT), on May 1, 2003. Her pregnancy was induced and she delivered her child on May 7, 2003. Subsequent to the delivery, plaintiff suffered a rupture of a large hematoma that would require surgery. Following the surgery, another hematoma formed on her pelvic floor, which also required surgery extraction in June, 2003, after the hematoma began hemorrhaging while plaintiff was at her home. A peri-rectal hematoma also formed, which also required surgery in June of 2003. Plaintiff suffered damage to her pudendal nerve as a result of these post-partum complications. Plaintiff underwent a hysterectomy in November 2003 to prevent persistent post-partum bleeding.

4. Based on these ongoing problems, Defendant UNUM issued a benefit check covering the period of July 20, 2003 through August 10, 2003.

5. Defendant UNUM paid disability benefits to the plaintiff from July 20, 2003 through June 13, 2004, when it initially denied benefits asserting that there was a lack of clinical findings to support ongoing disability payments.

6. Following a review of supplemental medical records, as well as records documenting another surgery on August 9, 2004, defendant UNUM reversed its denial of benefits and reinstated benefits.

7. Because her ongoing problems now met the policy requirements for Long Term Disability, plaintiff's claim was reclassified by defendant UNUM as a Long Term Disability claim.

8. Plaintiff Wisco continued to receive disability benefits from 2003 to 2009.

9. Beginning in 2006, defendant UNUM began pressuring the plaintiff to apply for Social Security disability, in hopes of incurring a benefit for themselves, in the form of overpayments once social security disability was awarded.

10. On August 13, 2009, plaintiff was awarded full Social Security Disability benefits.

11. Upon the award of Social Security benefits, defendant UNUM calculated an overpayment of $65,306.34.

12. On November 4, 2013, Defendant UNUM advised plaintiff that her Long Term Disability benefits were terminated.

13. Pursuant to the Employee Retirement Income Security Act, plaintiff timely filed her administrative appeal with defendant UNUM, on February 12, 2014.

14. The decision to deny benefits was reversed on March 7, 2014.

15. On April 23, 2014, Defendant UNUM again advised plaintiff that her Long Term Disability benefits had been terminated.

16. Pursuant to the Employee Retirement Income Security Act, plaintiff timely filed her administrative appeal with defendant UNUM, on October 13, 2014.

17. On December 30, 2014, defendant UNUM notified plaintiff that her appeal had been reviewed and that the decision to terminate plaintiff's long term disability benefits would stand.

18. This decision to deny plaintiff's benefits is in violation of the Employee Retirement Income Security Act.

## CLAIM FOR BENEFITS DUE

19. Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

20. Defendant has failed to pay plaintiff the long-term disability benefits due under the plan.

21. Defendant's decision to deny plaintiff benefits despite substantial evidence in support of plaintiff's disability was an abuse of defendant's discretion, arbitrary, capricious, wrongful, and contract to the terms of the plan and the law.

22. Defendant abused its discretion, including but not limited to in the following ways:

    a. Ignoring the opinions of the plaintiff's treating physicians;

    b. Failing to give proper weight to the Social Security Administration's finding that plaintiff was disabled from any gainful occupation;

    c. Failing to give due weight to the plaintiff's medical records;

    d. Failing to have plaintiff's records reviewed by physicians specializing in the areas of medicine applicable to plaintiff's condition;

    e. Failing to cite any medical testimony indicating that plaintiff's condition had improved or even changed;

    f.   Terminating plaintiff's benefits by citing physical improvements and/or lack of medical testimony regarding medical issues that were unrelated to the medical issues for which the plaintiff was originally deemed disabled under the terms of the plan.

23. As a direct and proximate result of defendant's failure to provide plaintiff with long-term disability benefits under the plan, the plaintiff has been deprived of said benefits from on or about April 23, 2014.

24. Plaintiff brings this suit under the authority of 29 U.S.C. §1132, et. seq.

25. Plaintiff requests attorney fees under the authority of 29 U.S.C. §1132(g)(1).

WHEREFORE, Plaintiff prays the Court enter an order reinstating plaintiff's long term disability benefits retroactively to the initial date of termination; attorney fees; and for costs, and for any other relief the Court deems fair and equitable.

                                                    /s/ Ben Arato
                                             ROB TULLY    AT0008059
                                             BEN ARATO    AT00010863
                                             LAW OFFICES OF ROB TULLY, P.C.
                                             2501 Westown Parkway
                                             Suite 1201
                                             West Des Moines, IA 50266
                                             Telephone:  (515) 221-2600
                                             Facsimile:  (515) 225-7549
                                             ben@robtullylaw.com
                                             ATTORNEYS FOR PLAINTIFF